# A. E. Davis *v.* Koenig & Gaertner, Appellant.

*Affidavit of defence—Sale—Warranty—Acceptance.*

In an action to recover the price of a car load of cabbage, an affidavit of defence is sufficient which avers that by a custom of the trade, when vegetables and fruits are ordered by telegram or letter, to be shipped to a distant point for delivery before the consignee has an opportunity of testing the quality of the goods, the consignor impliedly warrants the goods to be sound, wholesome and merchantable, and that he will employ certain specified means of packing to aid in the preservation of the goods; that the cabbage contained in the interior part of the car was unmerchantable, and that plaintiff failed to pack the car in the specified manner, whereby the cabbage underwent a process of sweating, fermentation and decay.

Argued Oct. 22, 1894. Appeal, No. 18, Oct. T., 1894, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1893, No. 225, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for price of car load of cabbage.

The affidavit of defence was in part as follows:

" Defendants state, upon information received, that certain known and practiced usual custom or usage of trade exists amongst commission merchants, wholesale produce merchants and shippers of vegetables and fruits, that whenever vegetables and fruits are ordered by telegram or letter, to be shipped to a distant point for delivery before the consignee has an opportunity of testing the quality of the goods shipped, the consignor impliedly warrants the same to be sound, wholesome, merchantable, salable, and not of an inferior quality ; that when shipped in bulk the consignor will employ such reasonable means in packing (hereafter to be stated) to aid in the preservation of the goods shipped.

" Defendants state that about the time mentioned in plaintiff's statement they were in correspondence with plaintiff with reference to securing his prices on cabbage and shipment to them of a car of cabbage ; that on, to wit, on June 30, 1893, plaintiff informed defendants that he would ship to-morrow at $1.25 per flour barrel, meaning thereby that he would ship the following day one car of cabbage consigned to defendants at Pittsburg, Pennsylvania, at the rate of $1.25 per flour barrel ; defendants further aver that $1.25· per flour barrel was the highest market price paid at that time by commission merchants, either in Pittsburg, Pennsylvania, or Lynchburg, Virginia, and was paid only for the highest grade and very best quality of cabbage ; that under the circumstances it was plaintiff's duty to put none but the very best quality, sound and free from blemish, marketable, salable and in every other respect good cabbage, into the alleged car, and also so to pack it (hereafter to be stated) to help in the preservation of the cabbage, which is of a perishable nature in the month of July, so that on the arrival of the car in Pittsburg the cabbage would still be in as good condition as when first placed into car by plaintiff ; defendants state that the cabbage placed into car by plaintiff was of such a low grade or kind of cabbage, that it would not bring on the market the price of $1.25 per flour barrel in bulk ; they further state that the price of the cabbage actually shipped was considerable less than $1.25 per flour barrel at Lynchburg, Virginia.

" Defendants deny that plaintiff ever shipped the car of cabbage alleged in his statement under the alleged contract; they further deny the receipt of said alleged goods by them; they further state they admit that plaintiff did ship at the alleged time one car of cabbage consigned to defendants at Pittsburg, but that the greater part of said car did not contain the cabbage which plaintiff by implied warranty agreed to and being his duty also to put in, to wit: sound, wholesome, merchantable, salable and not of an inferior grade or quality and to be free from decay; defendants further state that the entire interior part of car shipped by plaintiff contained a lot of cabbage that was unwholesome, unmerchantable, unsalable, of an inferior grade and decayed; defendants further aver that plaintiff by implied warranty agreed with defendants at the time he notified them he would ship a car of cabbage, that he would properly pack the car with cabbage and it was his duty, to wit: by placing air chambers and spaces in between the cabbage in the interior of car for ventilation, and also that he would use a double decker open stock car for further ventilation to aid in the preservation of the goods packed in said car, viz : the car of cabbage; defendants further state that the plaintiff negligently, and in utter disregard of his said implied warranty and his duty, packed the cabbage in the said car without taking any precautions whatever for ventilation; that the plaintiff did not place such air chambers or spaces for ventilation in the car nor did he use a double decker open stock car for further ventilation, which it was his duty to do as a shipper of cabbage under these circumstances.

" Defendants further aver upon information received, and it being the custom, that it was the duty of plaintiff, in shipping said car of cabbage, which is perishable in the month of July, to select the railroad route which is the shortest and makes the fastest time, unless instructed to the contrary, in order to get the merchandise shipped in the shortest time possible to its destination; that plaintiff did not select the shortest route between Lynchburg, Virginia, and Pittsburg, Pennsylvania, at the time he had the car billed via the Chesapeake and Ohio route and then transferred to the Pittsburg, Cincinnati, Chicago and St. Louis line to be forwarded to Pittsburg; that if plaintiff had said car billed from Lynchburg to Lexington or Staunton,

Virginia, and thence via Baltimore and Ohio route to Pittsburg he would have selected a good deal shorter route and car would have arrived at its destination considerable time earlier, or if car had been billed via Richmond and Danville route and Washington it would have reached its destination a considerable time earlier; that plaintiff by selecting said Chesapeake and Ohio route the said car was carried, to wit: a great distance out of the way in order to reach the said Pittsburg, Cincinnati, Chicago and St. Louis route to be transferred, and thence forwarded to Pittsburg. By doing this plaintiff unnecessarily kept the car longer on the road than it should have been, thereby materially causing the cabbage to decay while in transit; on the contrary, had plaintiff selected either of said other lines suggested above the car could have reached its destination and been delivered a good deal earlier and thereby assisted in the preservation of the merchandise while in transit (as aforestated).

" Defendants further state that on account of plaintiff having packed said cabbage in interior of car without ventilation, stated aforesaid, thereby caused the cabbage in the car to become more and more compact the longer it was allowed to remain in said position while the car was in transit from Lynchburg, Virginia, to Pittsburg, Pennsylvania, which caused the cabbage to undergo a process of sweating in interior, fermentation and decay, the very thing it was plaintiff's duty to try and avoid, especially during the warm weather in the month of July last while car was in transit. Had plaintiff taken the necessary precautions in ventilation which it was his duty to do under the circumstances stated aforesaid, this process of sweating would not have been encountered; defendants state this act of plaintiff itself greatly damaged the cabbage in interior of car; taken in connection with the inferior and unmerchantable grade of cabbage placed in car, stated aforesaid, spoiled the entire interior; defendants state that if plaintiff had done his duty as aforesaid stated all this decay and spoiled cabbage could not possibly have occurred; they therefore state that the spoiled and decayed cabbage in said alleged car is attributable entirely to the acts of the plaintiff stated as aforesaid and at plaintiff's loss; defendants further allege that they never ordered from plaintiff the car of cabbage which he actually shipped to defendants at Pittsburg, Pennsylvania, and they further say that they are not indebted in manner and form as charged in plaintiff's statement herein."

The affidavit further averred that " defendants thereupon refused to take the said car of cabbage, on account of the condition and kind of cabbage, but the railroad officials compelled defendants to pay for the freight due on the car of .cabbage and also to remove from their freight yards in the condition it was in ; defendants immediately, on, to wit: July 6, 1893, by telegraphic message informed plaintiff that car was rotten in middle, what shall we do, wire quick, and on, to wit, July 7, 1893, again informed plaintiff by telegraphic message that they will sell the cabbage for your account and send you account sales, it was not in condition, as it should have been.   True and correct copies of said telegraphic messages are hereto attached," etc.   A statement of the sum realized from the sale followed, with tender of judgment for that amount with interest and costs.

Rule absolute.   Defendants appealed.

*Error assigned* was entry of judgment.

*T. L. Gaertner*, for appellants, cited : Leibersperger v. Reading Savings Bank, 30 Pa. 531 ; McMasters v. Pa. R. R., 69 Pa. 374 ; Carter v. Coal Co., 77 Pa. 286 ; 2 Benj. Sales, 4th Am. ed. §§ 982, 1042 ; Ib. § 674 ; act of May 4, 1889, P. L. 87 ; Fogel v. Brubaker, 122 Pa. 7 ; Dailey v. Green, 15 Pa. 166 ; Borrekins v. Bevan, 3 Rawle, 23 ; Selser v. Roberts, 105 Pa. 242 ; Tiedeman on Sales, § 114.

*William R. Blair*, for appellee, cited : Woods v. Watkins, 40 Pa. 458 ; Wetherill v. Neilson, 20 Pa. 448 ; Eagan v. Call, 34 Pa. 236 ; Warren v. Coal Co., 83 Pa. 437 ; Ryan v. Ulmer, 108 Pa. 332 ; Fogel v. Brubaker, 122 Pa. 7 ; Mathews v. Sharp, 99 Pa. 560 ; Sterling v. Ins. Co., 32 Pa. 75 ; Kaufman v. Mfg. Co., 105 Pa. 541 ; Gould v. Gage, 118 Pa. 559.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

. The affidavit in this case is lacking in the merit of clear and concise statement, but it appears to contain the elements of a good defence.

The payment of the freight and the receipt of the goods was not under the circumstances an acceptance of them.   Until

there was a delivery by the railroad company, and the car was being unloaded, there was no opportunity to make such an examination of the goods as would disclose the condition of those in the middle of the car.    The purchaser might rely upon the goods being merchantable at the time of shipment, and upon their being packed in the manner and with the care usual to prevent their deterioration and decay while in transit.    If the goods were unmerchantable at the time of shipment, or if they became so before arrival because of the unusual and negligent manner in which they were packed by the vendor, it was the right of the vendee to refuse them.    These points are sufficiently covered by the affidavit of defence, and we are of opinion that it was sufficient to prevent judgment and to entitle the defendant to go to trial.

The judgment is reversed with a procedendo.